SHELTON HOLDING CORPORATION, Landlord, Respondent *v.* JOHN KLINGER & SON, INC., Tenant, Appellant; " JOHN DOE," etc., Undertenant.

Supreme Court, Appellate Term, First Department, July 12, 1935.

*Goldfarb & Fleece* [*Lind, Shlivek, Marks & Brin* of counsel], for the appellant.

*Morgan J. O'Brien, 2d* [*Charles H. Tuttle* of counsel], for the respondent.

PER CURIAM. The disputed issues of fact were properly resolved by the court below in favor of the landlord, respondent. Moreover, it does not appear that the tenant has a substantial, meritorious defense to the dispossess proceeding.

Section 1419 of the Civil Practice Act provides: " The precept must be returnable not less than five nor more than ten days after it is issued; except that, where the proceeding is taken upon the ground that a tenant continues in possession of demised premises after the expiration of his term without the permission of his landlord and the application is made on the day of the expiration of the lease or on the next day thereafter, the precept may, in the discretion of the judge or justice, be made returnable on the day on which it is issued at any time after twelve o'clock noon and before six o'clock in the afternoon."

While in this case, wherein the precept was under the above drastic statute made returnable on the day it was issued, substantial justice

was done by the disposition below, we point out that in our opinion facts should be set forth in the petition or accompanying papers, which should form a proper basis for the exercise of the court's discretion in allowing the short service of process which the statute authorizes. Such facts should indicate the necessity for immediate repossession by the landlord of the demised premises, such as, for example, a leasing by the landlord to another tenant, to take effect immediately upon what is claimed to be the date of expiration of the original term. There may be other instances where such immediate repossession is demanded in the interests of justice.

The fact that the dispossess proceeding is based upon expiration of term does not, in and of itself, warrant the short service of process. There must be something more, otherwise the relief afforded would not have been left, in the very language of the statute, to the discretion of the judge or justice. Short notice is not authorized as a matter of routine where the proceeding is based on expiration of term, but only in the discretion of the judge or justice on facts set forth in the petition or accompanying papers showing that the exercise of such discretion is sound and proper.

Final order of June 28, 1934, as resettled by order of October 23, 1934, affirmed, with twenty-five dollars costs. Appeal from order of December 13, 1934, dismissed.

All concur; present, CALLAHAN, FRANKENTHALER and SHIENTAG, JJ.